ANDREÉ ANN PICOU
v.
STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE.
No. 2009 CA 0344
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
FLOYD J. FALCON, JR., DANIEL L. AVANT, Attorneys for Plaintiff-Appellant, Andreé Ann Picou.
JAMES D. "BUDDY" CALDWELL, Attorney General, SCOTT G. VINCENT, Assistant Attorney General, Attorneys for Defendant-Appellee, State of Louisiana, Department of Public Safety and Corrections, Office of State Police.
Before: CARTER, C.J., GUIDRY, PETTIGREW, McCLENDON, and HUGHES, JJ.
CARTER, C.J.
In this employment discrimination case based on an alleged disability, the plaintiff, Andreé Ann Picou, appeals a summary judgment granted in favor of the defendant, State of Louisiana, through the Department of Public Safety and Corrections, Office of State Police, dismissing plaintiffs claim with prejudice. The issue is whether the defendant presented sufficient evidence in support of its motion for summary judgment to shift the burden to the plaintiff to then produce evidence, and not rely merely on the pleadings and allegations in the record, to show that she would be able to meet her burden of proof at trial that the defendant improperly and prejudicially failed to hire her as a state police cadet because of her attention deficit hyperactivity disorder (ADHD) and dyslexia diagnoses and a discriminating and prohibited psychological exam.
Our thorough de novo review of the evidence in the record reveals that the defendant met its initial burden of proof, showing that there is an absence of factual support for several essential elements of plaintiffs claim, i.e., that she suffers from a disability that limits her major life activities; that the defendant failed to hire her because of her alleged disability or that the defendant perceived her to have a disability; and that the plaintiffs failed exam was improperly conceived and/or the defendant had a role in improperly developing the exam. The plaintiffs failure thereafter to produce any evidence showing that there remained a genuine issue of material fact and that she would be able to meet her burden of proof at trial entitled the defendant to summary judgment as a matter of law. The plaintiffs arguments on appeal to the contrary are without merit.
Further, we agree with and adopt the trial court's written reasons for judgment signed on November 28, 2008, finding that the reasons thoroughly and adequately discuss the factual background of this case and provide an excellent analysis of the applicable law. Accordingly, we affirm the trial court's judgment by summary opinion in accordance with Uniform Rules -Courts of Appeal, Rule 2-16.2A(2), (5), and (6). All costs associated with this appeal are assessed against the plaintiff, Andreé Ann Picou.
AFFIRMED.
PETTIGREW, J., dissenting.
I am of the humble opinion the majority misses the point in this case. This case is before us on a summary judgment in favor of the State of Louisiana through the Department of Public Safety and Corrections. Ms. Picou successfully completed the preapplication process with the Louisiana State Police and received a conditional offer of employment predicated on her passing a psychological evaluation and drug screening. Instead of a psychological evaluation, the defendants gave Ms. Picou a test called the M-PULSE test. After allegedly failing the M-PULSE test, by letter dated July 30, 2003, Ms. Picou was advised she had failed. The psychological test and the conditional offer of employment were therefore withdrawn.
From the evidence introduced on the motion for summary judgment, there are material issues of fact still in dispute, in particular, but not limited to, whether the PULSE test is a psychological evaluation. Its own creator, Dr. Davis, does not identify it as a psychological evaluation, but as a liability risk assessment; that is, an actuarially based assessment of law enforcement candidates that provides an actuarial prediction of liability potentiality and relies on math. Instead of being given a psychological evaluation, Ms. Picou was given a risk analysis, which I believe is arbitrary, since she was conditionally approved subject to a psychological evaluation. Ms. Picou has never had the psychological evaluation. Because there are still material issues of fact in dispute, I would reverse the judgment of the trial court.